## ELLIOTT ET AL. v. TICEN.

[No. 11,122.    Filed March 15, 1922.]

TRIAL.—*Instructions.—Recovery for Damage to Automobile.— Applicability.—Province of Jury.*—In an action to recover for damage to an automobile, an instruction that, if the jury found for plaintiff, it could award damages for the loss of the use of the automobile while it was being repaired, in the absence of evidence of damages resulting from the loss of its use and the value of its use during the time it was being repaired, was erroneous as not being applicable to the evidence, and because it invaded the province of the jury by assuming that the owner was damaged by the loss of use.

From Marion Superior Court (A8,964); *W. W. Thornton,* Judge.

Action by Calvin P. Ticen against Clark N. Elliott and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*James E. Bingham,* for appellants.
*Charles Unger,* for appellee.

NICHOLS, J.—The complaint in this action was in two paragraphs, the first paragraph was for the alleged damage to appellee's automobile and the second paragraph for alleged personal injury sustained by appellee, such damages having been sustained in an automobile collision between appellee's automobile and a truck operated by appellants.

There was a trial by jury resulting in a verdict in favor of appellee for $500 upon which judgment was rendered. In this appeal appellants present as error the action of the court in overruling their motion for a new trial under which they complain (1) of the court's action in giving the following instruction:

"If you find for the plaintiff, then you will assess his damages. His damages, so far as his automobile is concerned, is the difference between its value immedi-

ately before the accident and its value immediately afterwards; and you may award him damages for the loss of use of his automobile while it was being repaired, but for no longer time than was reasonably necessary to secure such repairs. From these two amounts you cannot deduct any amount of money the plaintiff may have received from an insurance policy he may have held on the automobile injured. And to those two amounts you may add any damages he suffered by reason of injuries to his person."

The part of such instruction of which appellants complain is that part authorizing damages for loss of the use of the automobile involved while it was being repaired. There is no evidence whatever of the value of the use of the automobile during the time that it was being repaired, and of damages resulting from such loss of the use thereof. In the absence of such evidence the instruction containing the element of damages for the loss of the use, as it does, constitutes reversible error. The instruction is further erroneous in that it assumes that appellee was damaged because of the loss of the use of his automobile. This was an invasion of the province of the jury.

(2) Appellants complain of the action of the court in excluding evidence from the jury to the effect that appellee was protected by insurance in the amount of the damages sustained to his automobile which amount has been fully paid to him. Appellants contend that this evidence would have shown that appellee had been fully compensated for damages to his machine by an insurance company, and that therefore he was not the real party in interest. But there is no issue presenting this question and for that reason the evidence was properly excluded. For error in giving the instruction above, the judgment is reversed.